I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/26/09

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRIDGETTE,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>K. HARRINGTON,<br><br>　　　　Respondent. | Case No. CV 09-3450-JSL (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On May 15, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. It appears from the face of the Petition that it is directed to the same 1989 Los Angeles Superior Court conviction as the prior habeas petition filed by petitioner in this Court on July 3, 1995, in Case No. CV 95-4413-WDK (RNB). On June 10, 1999, the District Judge issued an Order denying the Petition in Case No. CV 95-4413-WDK (RNB). Petitioner appealed from the denial to the Ninth Circuit, but the Ninth Circuit affirmed the decision of the District Court in a Memorandum Opinion issued on March 28, 2001.

Although the claims alleged in the Petition relate to the juror misconduct claims alleged in Case No. CV 95-4413-WDK (RNB), they are different claims. Accordingly, the Court's consideration of these new claims is governed by 28 U.S.C. § 2244(b), which provides in pertinent part:

>    *(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
>    *(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
>
>    *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
>
>    *(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
>    *(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

Thus, where as here, a federal habeas petitioner seeks to file a subsequent habeas petition raising claims not raised in the petitioner's prior petition, § 2244(b)(3)(A) requires that the petitioner seek permission from the Circuit to file that second or successive petition. See Cooper v. Calderon, 274 F.3d 1270, 1275 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003). Such permission will be granted only if "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." See id. Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under § 2244(b)(2) does the district court have any authority to consider whether the

1  petitioner has, in fact, met the statutory requirements of § 2244(b). Under §
2  2244(b)(4), the petitioner must make "more than another prima facie showing" in the
3  district court; the "district court must conduct a thorough review of all allegations and
4  evidence presented by the prisoner to determine whether the [petition] meets the
5  statutory requirements for the filing of a second or successive petition." See United
6  States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000).

7  While it does not appear to the Court that petitioner can make the requisite
8  prima facie showing under § 2244(b)(2)(A) or § 2244(b)(2)(B)(i) here, that is a
9  determination for the Ninth Circuit to make in the first instance. Petitioner's failure
10 to secure an order from the Ninth Circuit authorizing the District Court to consider
11 the new claims being alleged in the Petition now pending, prior to his filing of the
12 Petition in this Court, deprives the Court of subject matter jurisdiction. See Cooper,
13 274 F.3d at 1274.

14 IT THEREFORE IS ORDERED that this action be summarily dismissed,
15 pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
16 District Courts.

17 LET JUDGMENT BE ENTERED ACCORDINGLY.

19 DATED: May 21, 2009

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

3